Argued June 12, reversed and remanded June 19, 1968

STATE EX REL HAWKINS-HAWKINS CO.,
*Appellant, v.* THE TRAVELERS
INDEMNITY COMPANY,
*Respondent.*

442 P. 2d 612

*William F. White,* Portland, argued the cause for appellant. With him on the briefs were White, Sutherland & Gilbertson, Portland.

*Robert S. Ball,* Portland, argued the cause for

respondent. With him on the brief were Morrison & Bailey and Richard A. Van Hoomissen, Portland.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

GOODWIN, J.

Plaintiff, an unpaid seller of materials used in a highway construction project, brought action for $31,961, the contract price of the goods, and for attorney fees.[1] Defendant paid into court the sum of $24,143. Plaintiff appeals from a judgment in the amount paid into court.

There are numerous assignments of error, but it is necessary to discuss only one. The trial court submitted to the jury the defendant's theory that the plaintiff had substituted inferior materials for those called for in the contract. There was evidence to support such a theory. However, the record contained no evidence by which the jury could measure the damages for the breach of warranty if they found one. The evidence showed that the volume of material called for by the contract had been accepted and used by the purchaser. The purchaser had protested the invoices and had asserted that there were defects in the materials, but the purchaser did not reject the goods. Under such circumstances, the rights of the parties are controlled by ORS 72.6070[2] and 72.7140[3].

---

[1] This action is against a bonding company, and the claim for attorney fees was grounded on ORS 736.325 (now 743.114).

[2] ORS 72.6070 "(1) The buyer must pay at the contract rate for any goods accepted.

"(2) Acceptance of goods by the buyer precludes rejection of the goods accepted and if made with knowledge of a nonconformity cannot be revoked because of it unless the acceptance was on the reasonable assumption that the nonconformity would

Neither statute appears to have been called to the trial court's attention. Had the court's attention been directed to the controlling statutes, the trial undoubtedly would have produced the necessary evidence or the case would not have been submitted to the jury. The burden was upon the defendant to prove the amount of the alleged damage. ORS 72.6070 (4).

■■ The correct measure of damages under ORS 72.7140 is the difference in value between the goods accepted and the value they would have had if they had been as warranted. The evidence is barren of any testimony on the difference in value. Since there was no foundation in the pleadings for such evidence, the omission is understandable. The record left the case without support, however, for the verdict which the jury was allowed to return. The jury was allowed to speculate from the generalities in the pleadings, and from estimates of "damages" that had no discernible

be seasonably cured but acceptance does not of itself impair any other remedy provided by ORS 72.1010 to 72.7250 for nonconformity.

"(3) Where a tender has been accepted:

"(a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy; * * *
"* * * * *

"(4) The burden is on the buyer to establish any breach with respect to the goods accepted.
"* * * * *."

⑨ ORS 72.7140 "(1) Where the buyer has accepted goods and given notification as provided in subsection (3) of ORS 72.6070 he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.

"(2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

"(3) In a proper case any incidental and consequential damages under ORS 72.7150 may also be recovered."

connection with a difference in value between substituted goods and ordered goods. The defendant did not even disclose to the jury how it had arrived at the amount of money it had tendered into court but which the jury nonetheless decided was a proper sum for the plaintiff to recover.

Reversed and remanded.