Aruged and submitted November 2, affirmed November 23, 1982

**FELONENKO,**
*Petitioner on review,*
*v.*
**SIOMKA,**
*Respondent on review.*

(CA 18745, SC 28474)

653 P2d 1263

Gary M. Bullock, Portland, argued the cause and filed the petition for petitioner on review.

Guy A. Randles, of Stoel, Rives, Boley, Fraser and Wyse, Portland, argued the cause for respondent on review.

PER CURIAM

## PER CURIAM

Plaintiff, a Russian immigrant, deeded property to his niece, reserving a life estate. He asserts that he was lead to believe the deed was a will. This is a suit to set aside the deed for fraud in the inducement. The trial court held for plaintiff, but the Court of Appeals, trying the case anew upon the record, reversed the decree and held for defendant. We allowed review to examine the duty to advise which may arise from a confidential or fiduciary relationship. We conclude that the findings make that issue immaterial.

Our scope of review is governed by ORS 19.125, which provides in part:

"(3)  Upon an appeal from a decree in a suit in equity, the Court of Appeals shall try the cause anew upon the record.

"(4)  When the Court of Appeals has tried a cause anew upon the record, the Supreme Court may limit its review of the decision of the Court of Appeals to questions of law."

The Court of Appeals found that plaintiff had actual knowledge that the instrument he signed was a deed and that defendant had no cause to believe that plaintiff was under any misapprehension. The evidence abundantly supports those factual determinations and we are aware of no reason suggesting that we should exercise our fact-finding authority under the statute. Thus the issue for which we allowed review does not arise.

Affirmed.