Argued and submitted March 19, reversed in part; otherwise affirmed July 14, 1993

Donald Edward GREGORY
and Evelyn Francys Gregory,
*Appellants,*

*v.*

Mildred H. NOVAK,
Rosemary Billingsley and Virgil Billingsley,
*Respondents.*

Mildred H. NOVAK,
Rosemary Billingsley and Virgil Billingsley,
*Third-Party Plaintiffs,*

*v.*

Gerald CHRISTIANSEN
and JMC Investment Co.,
an Oregon corporation,
*Third-Party Defendants.*

(9010-06430; CA A75707)

855 P2d 1142

Wayne Mackeson, Portland, argued the cause for appellants. With him on the briefs was Des Connall, P.C., Portland.

Douglas M. Fellows, Portland, argued the cause for respondents. With him on the brief was Allen, Fellows, Livingston, Greif, Sheridan, Ryan, Odman & Ford, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiffs appeal a summary judgment dismissing their claims for deceit and breach of contract. We review to determine whether, viewing the facts in the light most favorable to plaintiffs, the non-moving parties, there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. *Park v. Hoffard*, 315 Or 624, 627, 847 P2d 852 (1993). We reverse the summary judgment as it relates to plaintiffs' claim for deceit, and otherwise affirm.

Prior to 1989, defendants owned an apartment complex, known as the Crest Apartments (the complex), which included a swimming pool and a deck area. In 1987, they were informed that their license to operate the swimming pool would not be renewed unless the pool was resurfaced. In the spring of 1987, defendants Rosemary and Virgil Billingsley painted the pool themselves. Two or three days later, the pool was refilled and reopened.

Shortly afterwards, the new paint began to flake off. At one point, a can of blue paint flakes was removed from the pool's filter. Some time after that, the filter stopped working. Within a few weeks of reopening the pool, defendants closed it, because it was a "health problem." Defendants undertook no further work on the pool. It remained closed for the remainder of 1987 and throughout 1988.

Sometime prior to January, 1989, defendants began advertising in a newspaper that the complex was for sale. Gerald Christiansen, a real estate agent and plaintiffs' son, saw defendants' advertisement, and told plaintiffs about it. In January, 1989, following a period of negotiation with defendants, plaintiffs inspected the complex. They went through each unit, accompanied by Christiansen and an expert they had hired.

The pool was covered. At the edge of the cover, they could see that the water in the pool was murky and stagnant. There was evidence that such a condition is normal when a pool is closed for the winter. The deposition testimony of Christiansen states that defendant Virgil Billingsley assured plaintiffs that the pool was in working order and had been recently painted. Defendants admit as much. Plaintiffs did not remove the cover or hire an expert to inspect the pool.

Plaintiffs bought the complex. When they attempted to put the pool into use in the summer of 1989, they discovered that the paint was flaking off and clogging the filter. Plaintiffs also discovered a can of blue flakes, similar to those clogging the filter, in the pool's chemical house. They also discovered a crack down the middle of the pool.

■ In October, 1990, plaintiffs filed these claims. Defendants answered, and filed third party claims against Christiansen and JMC Investment Co. Defendants moved for summary judgment on plaintiffs' claims. The motion was granted, and plaintiffs appealed. We dismissed the appeal, because the trial court had not disposed of defendants' third party claims. The trial court then entered judgment on plaintiffs' claims pursuant to ORCP 67B. Plaintiffs appeal that judgment.[1]

■ We first review plaintiffs' argument that summary judgment was inappropriate on their claim for deceit. To recover for intentional deceit, plaintiffs must plead and prove that: (1) defendants made a false representation; (2) they made it with the knowledge or belief that it was false, or with an insufficient basis for asserting that it was true; (3) they made the representation with the intent that plaintiffs would rely on it; (4) plaintiffs justifiably relied on it; and (5) they suffered consequent damages. *Riley Hill General Contractor v. Tandy Corp.*, 303 Or 390, 405, 737 P2d 595 (1987).

Plaintiffs contend that, by stating that the pool was in working order and had been painted recently, defendants falsely represented that: (1) the pool was leakproof; (2) the pool and deck were situated on firm level ground; (3) the paint used was of an appropriate type; and (4) the pool was equipped with an adequate pump and filter.[2] Defendants respond that they had no duty to disclose those defects, and,

---

[1] Defendants contend that the trial court lacked jurisdiction to enter the judgment appealed from, because the first notice of appeal deprived it of jurisdiction. To the contrary, our judgment dismissing the appeal restored the trial court's jurisdiction. ORS 19.033(6).

[2] Defendants contend that summary judgment was proper because the complaint fails to allege that the misrepresentation was by failure to disclose. They are wrong. The complaint does allege misrepresentation by failure to disclose. We express no opinion as to whether that allegation was essential.

therefore, their silence regarding them does not constitute a representation.

■ ■     Silence in the absence of a duty to speak is not a representation. *Felonenko v. Siomka*, 55 Or App 331, 637 P2d 1338 (1981), *aff'd* 294 Or 136 (1982). However, one who makes a representation that is misleading because it is in the nature of a "half-truth" assumes the obligation to make a full and fair disclosure of the whole truth. *Krause v. Eugene Dodge, Inc.*, 265 Or 486, 505, 509 P2d 1199 (1973). The extent to which a representation is misleading and, therefore, imposes a duty of disclosure, is a question of fact. *Elizaga v. Kaiser Found. Hospitals*, 259 Or 542, 546-47, 487 P2d 870 (1971).

■     Assuming, without deciding, that defendants could have rightfully remained silent about the condition of the pool, they did not. They represented that the pool was in working order and that it had been painted recently. There is a material issue of fact regarding whether defendants' representations were misleading with respect to the pool's specific alleged defects.

■ ■     Defendants contend that, even if they did represent that the pool had no material defects, plaintiffs did not *justifiably* rely on their false representations. Justifiable reliance requires a "right to rely," which is acquired by taking reasonable precautions to safeguard one's own interests. *Haag v. Cembellin*, 89 Or App 75, 80-81, 748 P2d 143 (1987), *rev den* 305 Or 273 (1988); *Coy v. Starling*, 53 Or App 76, 80, 630 P2d 1323, *rev den* 291 Or 662 (1981). Defendants argue that plaintiffs unreasonably failed to protect their own interests, because they failed to hire an expert to inspect the pool, and they failed to remove the pool cover to inspect it themselves.

We cannot say, as a matter of law, that plaintiffs were required to employ a pool expert to confirm defendants' representations before relying on them. Furthermore, there is evidence in the record that plaintiffs could not have determined that defendants' representations were false merely by removing the cover and looking at the pool. On the record before us, we cannot say, as a matter of law, that plaintiffs were required to take additional precautions to safeguard

their interests. The trial court erred by granting defendants' motion for summary judgment on plaintiffs' claim for deceit.

We turn to plaintiffs' claim for breach of contract. They concede that they cannot recover on that claim, and we accept that concession. However, plaintiffs argue that in their memorandum opposing defendants' motion for summary judgment, they "recharacterized the claim as one for restitution based on unjust enrichment over the same allegations of deceit." They seek to replace the allegations of breach of contract with the allegations that support their claim for deceit. Plaintiffs cannot amend their complaint by "recharacterizing" it in a memorandum to the court. The trial court did not err by granting summary judgment on plaintiffs' claim for breach of contract.

Reversed on claim for deceit; otherwise affirmed.