**BC METAL FABRICATION INC., an Oregon corporation, Plaintiff—Appellee,**

v.

**HACO NV, a Belgium corporation, Defendant—Appellant,**

and

**SCA Fabtool Corporation, a California corporation, Defendant.**

BC Metal Fabrication Inc., an Oregon corporation, Plaintiff—Appellant,

v.

Haco NV, a Belgium corporation, Defendant—Appellee,

and

SCA Fabtool Corporation, a California corporation, Defendant.

Nos. 02–35497, 02–35555.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 17, 2003.

Charles F. Adams, Esq., Phillip D. Chadsey, Esq., Stoel Rives, LLP, Portland, OR, for Plaintiff–Appellee.

R. Daniel Lindahl, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Defendant–Appellant.

Bruce A. Rubin, Esq., Miller Nash, LLP, Portland, OR, for Defendant.

Before: TROTT, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Haco NV, a Belgian manufacturer, appeals a judgment following two jury trials in favor of BC Metal Fabrication, Inc. ("BC Metal"), a sheet-metal fabrication company located in Wilsonville, Oregon. BC Metal alleged that it had purchased a defective punch press from Haco. Haco appeals from the district court's (1) denial of its motion for directed verdict and (2) exclusion of its mitigation defense. BC Metal cross-appeals the district court's dismissal of its fraud claim. We conclude the district court ruled correctly on each of these issues and affirm the district court.

A district court's denial of a motion for directed verdict is reviewed de novo. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226 (9th Cir.2001). A court's interpretation of the meaning of contract provisions is also reviewed de novo. *Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487, 490 (9th Cir.2000).

Because the parties are familiar with the facts, they will be discussed only to the extent they are relevant to the discussion below.

## I.

■ A buyer's remedy for breach of warranty with regard to accepted goods "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." Ore.Rev. Stat. § 72.7140(2) (2003). It was BC Metal's burden to prove the amount of alleged damages. *State ex rel. Hawkins–Hawkins Co. v. Travelers Indem. Co.*, 250 Or. 356, 442 P.2d 612, 613 (Or.1968). The district court did not err in denying Haco's motion for judgment as a matter of law on the implied warranty claim because reasonable minds could differ as to whether the evidence demonstrated that the punch press had no value at the time of BC Metal's acceptance.

BC Metal concededly presented only indirect evidence that the punch press was worthless at the time of acceptance. In particular, BC Metal presented testimony that the machine had negative value at the time of trial and that the machine had numerous defects in its performance from the outset. Similar testimony has been held sufficient under Oregon law to uphold a jury award in the § 72.7140(2) context. *See Vista St. Clair, Inc. v. Landry's Commercial Furnishings, Inc.*, 57 Or.App. 254, 643 P.2d 1378, 1381–82 (Or.Ct.App.1982). Haco's objections to the testimony about the punch press' value at the time of trial,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as opposed to value at the time of acceptance, merely go to the weight of the evidence. It was well within the province of the jury to weigh the testimony.

## II.

■ The district court did not err in rejecting Haco's mitigation defense regarding BC Metal's absolute right to return the punch press within one year, because it correctly determined that the parties' agreement did not contain any such term, applying Oregon's parol evidence rule. This rule "prohibits oral evidence of those aspects of the bargain that the parties intended to memorialize in the writing." *State ex rel. Cipriano v. Triad Mech. Inc.*, 144 Or.App. 106, 925 P.2d 918, 922 (Or.Ct.App.1996). The purchase order was completely integrated as it contained an integration clause and there was no other evidence that the parties did not consider the purchase order to be the final agreement. *See id.* at 922–23. Although a former BC Metal executive acknowledged on cross-examination that he believed that BC Metal could have returned the machine within one year, this testimony did not bind BC Metal because the witness was no longer an agent of the corporation. Other testimony supports the proposition that BC Metal did not want, and could not seek, a recourse provision because its lender would not permit it.

Thus the district court properly rejected Haco's mitigation theory because BC Metal did not have a one-year absolute right of return. Haco's argument regarding an alternative mitigation theory regarding BC Metal's return rights pursuant to the purchase order fails because there is no evidence that the district court excluded Haco's affirmative defense based on such a right.

## III.

The district court properly dismissed the fraud claim because BC Metal failed to establish justifiable reliance in what appears to be nothing more than a standard commercial contract dispute. A fraud claim requires proof by clear and convincing evidence "that the plaintiff justifiably relied on the misrepresentation." *Knepper v. Brown*, 182 Or.App. 597, 50 P.3d 1209, 1214 (Or.Ct.App.2002). Justifiable reliance requires that one take "reasonable precautions to safeguard one's own interests." *Gregory v. Novak*, 121 Or.App. 651, 855 P.2d 1142, 1144 (Or.Ct.App.1993).

■ BC Metal could not demonstrate by clear and convincing evidence that it justifiably relied on Haco's representations. BC Metal was a sophisticated purchaser dealing at arms-length with Haco and its agents. Given the contrary indications in the written materials it received from Haco and BC Metal's failure to ask for a demonstration on appropriate materials prior to purchasing the complex, expensive machinery, BC Metal failed to exercise the diligence required of sophisticated purchasers under Oregon law.

**AFFIRMED.**