**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE WALTERS, MD, an Oregon resident, | No. 15-35592 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-01173-PK |
| v. | |
| VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 14, 2017
Portland, Oregon

Before:  WATFORD and OWENS, Circuit Judges, and NAVARRO,[**] Chief District Judge.

**1.**  The district court properly dismissed Dr. Lee Walters' (Walters) breach

of contract claim.  We have found no authority under Oregon law holding that the

mere purchase of a consumer good, without more, suffices to establish a valid and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Gloria M. Navarro, Chief United States District Judge for the District of Nevada, sitting by designation.

enforceable contract. To accept Walters' theory of contract formation, we would have to conclude that the display of a price term and quantity information on or immediately surrounding a product's packaging constitutes an offer to sell. But the traditional rule is that advertisements of goods by sign or display "are not ordinarily intended or understood as offers to sell." Restatement (Second) of Contracts § 26 cmt. b (1981).

What little precedent we have found from Oregon's courts suggests that they, too, adhere to the rule that an advertisement is not ordinarily considered an offer to sell, absent unusually definite and explicit language. *See Sherry v. Bd. of Accountancy*, 157 P.3d 1226, 1232 (Or. Ct. App. 2007). No such language is present here.

Because we conclude that no contract was formed, we do not reach Walters' unconscionability argument. That obviates the need to address the parties' dispute over whether Vitamin Shoppe Industries' (VSI) labeling practices comply with the Food and Drug Administration's regulations (and if so, whether these regulations preempt Walters' state law claims).

**2.** The district court properly dismissed Walters' breach of warranty claim because Walters cannot state such a claim under state or federal law. Oregon warranty protections specifically exclude "[c]onsumable" goods, defined as "any

product which is intended for consumption by individuals." Or. Rev. Stat. § 72.8010(7). That definition encompasses the dietary supplements at issue in this case.

Nor can Walters plead breach of warranty under the federal Magnuson-Moss Warranty Act (MMWA), which provides a cause of action for breach of written or implied warranties. 15 U.S.C. § 2310(d). Walters cannot allege a breach of implied warranty because the MMWA incorporates state law in its definition of implied warranties. 15 U.S.C. § 2301(7); *see Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009). Since there are no implied warranty protections for consumables under Oregon law, there can be no implied warranty protections under federal law.

Walters' argument that the statements on VSI's products amount to a written warranty under the MMWA fails as well. The MMWA defines a written warranty as a promise that (1) the product is "defect free"; (2) the product will "meet a specified level of performance over a specified period of time"; or (3) the supplier will "take . . . remedial action" if the product "fails to meet the specifications." 15 U.S.C. § 2301(6). VSI's product label contains no such promises. The quantity statements on the label describe the product's contents, but do not affirm that the product is free from imperfections.

**3.** We reverse the dismissal of Walters' unjust enrichment claim. Under Oregon law, once a court determines that a valid contract exists, an unjust enrichment claim must fail. *See Mount Hood Cmty. Coll. ex rel. K & H Drywall, Inc. v. Fed. Ins. Co.*, 111 P.3d 752, 759 (Or. Ct. App. 2005); *Prestige Homes Real Estate Co. v. Hanson*, 951 P.2d 193, 195 (Or. Ct. App. 1997). The district court dismissed Walters' unjust enrichment claim on this basis, after concluding that a contract had been formed. Because the parties' transaction did not form a contract, the unjust enrichment claim is not precluded.

**4.** We reverse the dismissal of Walters' fraudulent misrepresentation claim. To allege a viable fraud claim under Oregon law, Walters must plead that he justifiably relied on VSI's alleged misrepresentations. *See In re Brown*, 956 P.2d 188, 196 (Or. 1998). This element requires that a plaintiff "tak[e] reasonable precautions" to safeguard his interests. *Gregory v. Novak*, 855 P.2d 1142, 1144 (Or. Ct. App. 1993). Contrary to VSI's contention, the operative question is not whether Walters unreasonably failed to read the terms of a contract—as explained above, no contract exists in this case. Instead, the question is whether Walters was required, as a matter of law, to cross-reference statements on a product's label against information found in small print elsewhere on the product. This court has answered that question in the negative. Consumers review the small print on a

product's label to learn additional details about a product, not to correct potentially misleading representations found on the front. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939–40 (9th Cir. 2008). Applying the logic of *Williams* to this case, Walters did not have a duty to validate claims on the front of a product's label by cross-checking them against information contained in small print on the back. His failure to read the clarifying serving-size information does not constitute a failure to reasonably safeguard his interests.

**5.** The district court improperly dismissed Walters' UTPA claim. To prevail under the UTPA, a private plaintiff must suffer "an ascertainable loss of money or property . . . as a result of another person's willful use or employment of a method, act or practice declared unlawful" under the UTPA. Or. Rev. Stat. § 646.638(1). "Ascertainable" loss is construed to mean any loss "capable of being discovered, observed, or established." *Scott v. W. Int'l Surplus Sales, Inc.*, 517 P.2d 661, 663 (Or. 1973). The loss need be only "objectively verifiable." *Pearson v. Philip Morris, Inc.*, 361 P.3d 3, 22 (Or. 2015).

Walters adequately pleaded his UTPA claim. He alleges that VSI made representations that violate Or. Rev. Stat. § 646.608, and that he would not have purchased the product but for the alleged misrepresentations. The ascertainable loss, therefore, is the monetary value of a product that Walters would not otherwise

have bought. Because Walters alleges that he relied on VSI's representations, he sufficiently pleaded that VSI's conduct caused his loss. *See Pearson*, 361 P.3d at 27.

To conclude, we affirm the district court's dismissal of Walters' breach of contract and breach of warranty claims. We reverse the district court's dismissal of Walters' unjust enrichment, fraud, and UTPA claims.

Walters' motion for judicial notice (Docket Entry 25) is **DENIED** as moot. VSI's motion for leave to submit supplemental briefing (Docket Entry 30) is **GRANTED**. VSI's alternative request to strike portions of Walters' reply brief (Docket Entry 30) is **DENIED**.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

The parties shall bear their own costs.