Submitted on remand from the Oregon Supreme Court April 5, affirmed
May 19, 1993

## WILLIAM H. BICKFORD,
*Appellant,*

*v.*

## George BACHIK,
## Superintendent, Oregon State Hospital,
*Respondent.*

## (89-C-11354; CA A65396)

852 P2d 878

W. Brad Coleman, Salem, for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

This case is on remand from the Supreme Court. 315 Or 370, 844 P2d 906 (1993). In our previous decision, we reversed the circuit court's action entertaining petitioner's *habeas corpus* petition and remanded it for dismissal, relying on *Mueller v. Benning*, 103 Or App 649, 798 P2d 267 (1990). 106 Or App 179, 805 P2d 754 (1991). Subsequently, the Supreme Court reversed *Mueller*, holding that we erred in dismissing Mueller's action for lack of jurisdiction because he had raised post-conviction claims by facts, despite mislabeling the claims as ones for *habeas corpus*. *Mueller v. Benning*, 314 Or 615, 841 P2d 640 (1992). Because petitioner here similarly raised facts cognizable as post-conviction claims, we consider the merits.

Petitioner was found guilty of rape in the first degree, except for insanity, and was committed to the jurisdiction of the Psychiatric Security Review Board. His claim on appeal is that his trial counsel was inadequate in the investigation of the charges against him. He bases his claim on a statement made by the victim about a year after his conviction, which reads:

"[Petitioner] didn't force me to have a sex [*sic*] with me! but [*sic*] I will not talk to him or see him either. Or even his lawyer either."

Petitioner argues that had his counsel investigated with due diligence, investigated, he would have discovered that information at the time of his trial. The state responds that the circumstances surrounding that statement render it unworthy of belief. Both arguments misfocus by ignoring the fact that petitioner was convicted in a stipulated facts trial.

■■ A stipulated facts trial, like a guilty plea, involves waiver of certain constitutional rights a criminal defendant has in a regular trial. *Compare Lyons v. Pearce*, 298 Or 554, 559, 694 P2d 969 (1985), *with Lyons v. Pearce*, 298 Or 569, 572, 694 P2d 978 (1985). Notwithstanding the stipulation, however, the trial court retains the obligation to determinate guilt or innocence. 298 Or at 572. In *Krummacher v. Gierloff*, 290 Or 867, 875, 627 P2d 458 (1981), the Supreme Court said that, when a defendant is called on to waive fundamental rights, as by a guilty plea or waiver of jury trial,

"counsel's functions include informing the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of nontactical choices which are defendant's to make, so as to assure that the defendant makes such choices intelligently." 290 Or at 874; *see also Hartzog v. Keeney*, 304 Or 57, 63, 742 P2d 600 (1987).

Thus, the relevant inquiry in this case is not, in the abstract, whether counsel should have investigated, but whether he adequately assisted petitioner in making an informed choice about the stipulated facts trial. We have reviewed the trial court's findings and the record, including petitioner's own statement to the police after the incident, and conclude that counsel adequately assisted petitioner in making that decision.

Affirmed.