Argued and submitted March 21, reversed and remanded September 7, 1994

SCOTT J. LONG,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(16-93-02283; CA A80044)

880 P2d 509

Gary D. Babcock argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

■    Petitioner appeals from a judgment denying his petition for post-conviction relief. ORS 138.530(1)(a); ORS 138.620(2). We reverse and remand for additional findings as to whether, but for trial counsel's inadequate assistance of counsel, petitioner would have entered into the plea agreement that underlay his criminal conviction.

In December 1990, petitioner was charged with first degree sodomy, ORS 163.405, and sexual abuse in the first degree, ORS 163.427. At the time he was charged, petitioner was 25 years old and was regularly employed in the medical care field. Plea negotiations ensued. Because of his age, employment, and career aspirations, petitioner was concerned about being able to seek expungement of any conviction resulting from a plea agreement. Petitioner expressed his concerns about expungement to his counsel; however, defense counsel never mentioned those concerns to prosecutors during plea negotiations.

Ultimately, the state proposed an arrangement under which: Petitioner would agree to a stipulated facts trial, in which the defense would offer no evidence, on the first degree sexual abuse charge; the state would dismiss the sodomy charge, a Class A felony with a projected prison term of three to five years; the state would file no other sex offense charges for prior conduct; and the state would recommend probation on the first degree sexual abuse charge, with no more than 90 days of jail time as a condition of probation. Before accepting this proposal, petitioner asked his attorney to determine whether the first degree sexual abuse conviction could be expunged. Counsel replied, erroneously, that the sexual abuse conviction was subject to expungement under *former* ORS 137.225. In giving this advice, counsel apparently overlooked *former* ORS 137.225(5),[1] which barred expungement of convictions for first

---

[1] The version of ORS 137.225 in effect in 1991, when petitioner considered and accepted the state's plea proposal, read, in part, as follows:

"(1)(a)  At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction;

"* * * * *

degree sexual abuse when the conduct would constitute child abuse under *former* ORS 418.740.[2]

Petitioner agreed to the state's proposal and, after an unopposed stipulated facts trial, was convicted of first degree sexual abuse. In petitioning for post-conviction relief, petitioner alleged that, but for his counsel's misrepresentation regarding the possibility of expungement, he would not have accepted the state's proposal and would have chosen, instead, to proceed to a contested trial of both the first degree sexual abuse and sodomy charges. Petitioner substantiated those allegations with his own affidavit and with the affidavit of his defense counsel, who acknowledged his error and misrepresentation and who confirmed petitioner's statement that "without the possibility of expungement, he would not have accepted the offer."

In *Chew v. State of Oregon*, 121 Or App 474, 855 P2d 1120, *rev den* 318 Or 24 (1993), we described petitioner's burden of proof in obtaining post-conviction relief:

"Petitioner is entitled to relief if he proves, by a preponderance of the evidence, that he suffered a substantial denial of a state or federal constitutional right in the proceeding below, which renders his conviction void. ORS 138.620(2); ORS 138.530(1)(a). In order to prove his allegation of inadequate assistance of trial counsel under the Oregon Constitution, petitioner must show that counsel failed to exercise professional skill and judgment, failed to diligently and conscientiously advance the defense and that the failure prejudiced his defense. *Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981). To sustain his claim of ineffective counsel under the federal constitution, he must prove that, considering all the circumstances, counsel's assistance was unreasonable and 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

"(5) The provisions of paragraph (a) of subsection (1) of this section apply to a conviction of:

"(a) A Class C felony, except for the following crimes when they would constitute child abuse as defined in ORS 418.740:

"* * * * *

"(D) Sexual abuse in the first degree under ORS 163.425 * * *."

[2] Because the alleged victim was younger than 18, petitioner's conduct fell within *former* ORS 418.740.

been different.' *Strickland v. Washington*, 466 US 668, [694,] 104 S Ct 2052, 80 L Ed 2d 674 (1984)." 121 Or App at 477.

■     We turn now to the adequacy of defense counsel's professional performance. The trial court concluded that there was no constitutionally cognizable inadequate assistance because "[i]nability to expunge did not bear on the issue of convictability, the propriety of taking the plea or the actual sentence rendered thereon." That is too narrow a view. Failure to inform a defendant of certain *consequences* of a criminal plea may also constitute inadequate assistance of counsel. *See, e.g., Lyons v. Pearce*, 298 Or 554, 566-68, 694 P2d 969 (1985) (criminal defense counsel has affirmative professional obligation to inform noncitizen defendant that deportation is possible consequence of guilty plea; breach of that obligation constitutes inadequate assistance of counsel).

Petitioner contends that the unavailability of expungement is a penal consequence analogous to the potential for deportation considered in *Lyons v. Pearce, supra*. The analogy fails. *Lyons v. Pearce* turns largely on the special role of immigration in our national experience and on the peculiarly draconian consequences of deportation. *See* 298 Or at 565-66. The nonexpungeable stigma of a criminal conviction, even a sexual abuse conviction, does not approach the magnitude of the consequences considered in *Lyons. Accord Chew v. State of Oregon, supra*, 121 Or at 476-77 (failure to inform defendant that "if he pleaded guilty to DUII and subsequently drove while his driver's license was suspended, the resulting charge of driving while suspended * * * could be prosecuted as a felony" did not constitute inadequate assistance of counsel).

The failure of the *Lyons v. Pearce* deportation analogy is not, however, conclusive. Although there is no *Lyons*-like duty for defense counsel to disclose that certain offenses cannot be expunged, petitioner does not complain of nondisclosure. Instead, he alleges, and his trial counsel admits, affirmative, albeit negligent, misrepresentation.

■     There is a qualitative distinction between passive nondisclosure and active misrepresentation. Defense counsel was under no obligation to tell petitioner that his conviction could not be expunged. However, having undertaken to provide advice on expungeability in response to his client's expressed

concerns, counsel was obliged to do so accurately and completely. *Accord Krause v. Eugene Dodge, Inc.*, 265 Or 486, 505, 509 P2d 1199 (1973) (party who is under no duty to speak, but nonetheless does so, may be held civilly liable for materially misleading representations); *Gregory v. Novak*, 121 Or App 651, 655, 855 P2d 1142 (1993) (same). Defense counsel's inaccurate assurances regarding the availability of expungement in petitioner's circumstances breached standards of professional skill and judgment and constituted inadequate assistance of counsel.[3]

We do not, and need not, hold that every misrepresentation of penal consequences constitutes inadequate assistance of counsel. Here, both plaintiff and his defense counsel averred that counsel's statements concerning the availability of expungement played a significant role in plaintiff's consideration of the plea proposal. Whether plaintiff would, in fact, have rejected that proposal but for those statements is appropriately considered in the post-conviction court's assessment of prejudice.

We proceed to the issue of prejudice. To prevail, petitioner must establish that he would not have entered into the plea agreement if his counsel had informed him that the sexual abuse conviction was not expungeable. *See Moen v. Peterson*, 312 Or 503, 513, 824 P2d 404 (1991); *Chew v. State of Oregon, supra*, 121 Or App at 479.

The trial court determined that petitioner could not have been prejudiced because he was not disadvantaged by the misinformation and would, in any event, have been convicted if he had proceeded to trial:

"There is no showing how the misinformation placed the prosecution in a more formidable posture, or the Petitioner more disadvantaged, had he been told the correct information as to expungeability. * * *

"Petitioner has made no showing or claim that the State could not have obtained conviction on Count 2 [the first degree sexual abuse count] but for his guilty plea, or a possibility that

---

[3] *Cf. Garmon v. Lockhart*, 938 F2d 120, 121-22 (8th Cir 1991) (affirming grant of *habeas corpus* relief where defendant, "who impressed on trial counsel the importance of parole eligibility to his decision to plead guilty," would not have pleaded guilty but for counsel's erroneous advice and "[m]inimal research would have alerted counsel to the correct parole eligibility date").

they might not have been able to convict. What defenses were lost by the Plea? What weaknesses in the State's case were shielded from jury view by the plea?

"For all that appears in the record, the State could have convicted on Count 2 and Count 1 as well. Nothing in the record indicates Petitioner is in any different position today than he would have been in had his attorney told him that neither Count would be expungeable and had he therefore gone to trial on both counts. Nothing, that is, except he has avoided conviction on the class A felony and he has received the sentencing concessions for which he bargained."

■ The trial court's emphasis was misplaced. Under *Moen v. Peterson, supra*, and *Chew v. State of Oregon, supra*, the critical issue is not whether petitioner could ultimately have been convicted, but whether he would otherwise have entered into the plea agreement. *Accord Chew v. State of Oregon, supra*, 121 Or App at 477 (under federal constitution, ineffective assistance is constitutionally cognizable if "but for counsel's unprofessional errors, the result of *the proceeding* would have been different"), *quoting Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (emphasis supplied).[4] Obviously, the likelihood of conviction may bear on whether petitioner would have agreed to the plea. But the latter, not the former, controls the post-conviction court's consideration of prejudice.[5]

We remand for the trial court to determine whether petitioner would have entered into the agreement if he had known that a conviction for first degree sexual abuse could not be expunged.

Reversed and remanded.

---

[4] It is unclear on what basis the circuit court concluded that petitioner would have been convicted in any event. The post-conviction judge did not participate in the stipulated facts trial/sentencing proceeding, and our review of the post-conviction record discloses no evidence of petitioner's guilt. In any event, petitioner's waiver of his entitlement to present a defense in the stipulated fact trial was, itself, a product of the plea agreement; consequently, any reliance on those proceedings would be skewed.

[5] In *Chew v. State of Oregon, supra*, we affirmed the trial court's "implicit" finding that petitioner would have pleaded guilty in any event by pointing to evidence supporting such a finding, *e.g.*, petitioner's desire to be released from jail immediately. 121 Or App at 479-80. Here, because of the trial court's preoccupation with the "wrong" type of prejudice, the record does not permit a similar implication.