Argued and submitted August 24, 1995, reversed and remanded February 7, 1996

## JOHN BAPTISTE CASTRO,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
## Superintendent,
## Oregon State Penitentiary,
*Respondent.*

(92C-11160; CA A82898)

910 P2d 1156

David W. Knofler argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Beth Anne Allen, Certified Law Student, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Robert B. Rocklin, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Petitioner initiated the present proceeding under the Post-Conviction Hearing Act, ORS 138.510 to ORS 138.680, seeking relief on several grounds. After a hearing, the trial court dismissed the petition. On appeal, petitioner assigns error only to the post-conviction court's findings of fact and ultimate conclusion that he was not denied adequate assistance of counsel under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. We reverse and remand.

In 1990, petitioner was charged with intentional murder and felony murder for a homicide that occurred on February 4, 1977. ORS 163.115 (1975). The prosecutor and petitioner's trial counsel negotiated an agreement whereby petitioner would waive his right to a jury, stipulate to the facts of the felony murder charge and waive objection to a denial of his motion to delay the trial. In exchange, the prosecution and the judge agreed to recommend to the Board of Parole and Post-Prison Supervision that petitioner actually serve a prison sentence of 12 years.[1] Petitioner accepted the agreement. Based on the stipulated facts, the trial court found petitioner guilty of the felony murder charge and sentenced him to life in prison.[2] The prosecution and the judge each recommended to the Board that petitioner serve 12 years.

In discussing the proposed agreement, petitioner's counsel advised him that, because his crime occurred in 1977, he would have the option before the Board of choosing between two sentencing systems, the discretionary system or the matrix system. Petitioner's counsel advised him that under the discretionary system, the Board could consider the recommendations by the judge and the prosecutor that petitioner serve 12 years; however, under the matrix system, he would face a sentence of at least 24 years. Counsel advised

---

[1] The felony murder charge in the original indictment contained an error, and the prosecution obtained a new indictment correcting the error. The record does not establish whether the new indictment also included the intentional murder charge. Therefore, it is unclear whether the agreement included dropping the intentional murder charge or whether it was eliminated in the new indictment.

[2] On appeal, his conviction was affirmed without opinion, *State v. Castro*, 110 Or App 372, 822 P2d 762 (1991), *rev den* 312 Or 676 (1992).

him that, although there were no guarantees, the discretionary system would permit the Board to set the release date at 12 years.

At petitioner's initial hearing before the Board, the Board ruled that petitioner was not eligible to be considered for parole release under the discretionary system because his crime was committed after the Board had adopted the matrix system.[3] Instead, the Board set his release date under the matrix system at 24 years. Later, the Board corrected petitioner's release date to comply with the rules in effect when the crime was committed.[4] Petitioner's release date was eventually set at 16 years.

■■ The Oregon Constitution requires "adequate performance by counsel of those functions of professional assistance which an accused person relies upon counsel to perform on his behalf."[5] *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981). To obtain post-conviction relief on a claim of inadequate assistance of counsel, petitioner must prove by a preponderance of the evidence that " 'trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result.' " *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995) (quoting *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991)).

■ In his petition for relief, petitioner alleged several grounds underlying his claim of inadequate assistance of trial counsel. The only allegation pertinent to this appeal is that petitioner was denied adequate assistance of counsel when

"[he] was advised that if [he] would stipulate to facts, [he] would be eligible to be under the discretionary law and

---

[3] The discretionary system was authorized under *former* ORS 144.175 and *former* ORS 144.180. Those statutes were repealed by the legislature effective October 4, 1977, and replaced with a matrix system. Or Laws 1977, ch 372. Both parties agree that the Board adopted the matrix system by rule effective January 26, 1977. Thus, the Board adopted the matrix system prior to its enactment by the legislature. Because both parties agree that the Board properly considered petitioner under the matrix system, we do not address whether the Board had authority to do so.

[4] The Board used the rules in effect on January 26, 1977, and recomputed petitioner's history risk score according to a revised matrix, effective July 15, 1985.

[5] For purposes of this opinion, we need not address federal constitutional requirements.

have the recommendation from the court and the state of a 12 year sentence. [He was] not eligible for the discretionary system of the Oregon Parole Board."

In response to petitioner's allegation, defendant conceded to the post-conviction court that counsel had misinformed petitioner about his eligibility for parole consideration under the discretionary system. Nevertheless, defendant represented to the court that petitioner should be denied relief because

"[e]ven if the misinformation is considered a material factor supporting petitioner's decision to proceed by stipulated facts, the error has been rectified by Parole Board action. The Board has reversed its original position and has agreed to apply the 'old' rules to petitioner's case. It appears the Board did not follow the recommendation for a 12-year sentence because they set his release date at February 27, 2006. However, petitioner has now received exactly what he bargained for: Board treatment under the old system and a recommendation from the court and district attorney that he serve only 12 years.

"Under these circumstances, petitioner is not entitled to post-conviction relief." (References to exhibits omitted.)

Consistent with defendant's representation, the post-conviction court found:

"Although the Board of Parole did not initially apply the old rules to petitioner's case, the Board is now using the old rules to evaluate petitioner's case, as petitioner was advised by trial counsel."

Based on that finding, the court apparently determined that petitioner had received what he bargained for and therefore had not suffered prejudice as a result of trial counsel's advice.

We review the post-conviction court's finding of fact to determine whether it is supported by the evidence. *Yeager v. Maass*, 93 Or App 561, 564, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). We conclude that it was not. In fact, petitioner was not considered under the "old" discretionary system, but under the matrix system in effect at the time he committed the homicide.[6]

---

[6] On appeal, defendant concedes that petitioner was not considered under the discretionary system and that the post-conviction court's finding was erroneous.

Because the post-conviction court erroneously concluded that petitioner had received the benefit of his bargain, it did not consider whether counsel's advice fell below the exercise of "reasonable professional skill and judgment." Nor did the trial court make any other findings regarding whether petitioner suffered prejudice as a result of counsel's advice. For example, the court did not determine whether petitioner would have entered into the agreement he did were it not for counsel's advice. A determination of those issues is necessary to decide whether petitioner received inadequate assistance of counsel. Therefore, we remand so that the post-conviction court can make appropriate additional findings.

Reversed and remanded.