Submitted September 20, affirmed November 17, 2010, petition for review
denied February 17, 2011 (349 Or 655)

ROMAN T. TATARINOV,
*Petitioner-Appellant,*

*v.*

Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
07C16468; A140859

243 P3d 494

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Petitioner appeals from a judgment denying him post-conviction relief. In the underlying criminal case, petitioner was convicted of numerous identity-theft related crimes after a trial to the court on stipulated facts. In this action, petitioner asserts that he received constitutionally inadequate assistance of counsel because his criminal trial counsel failed to explain the rights he was waiving by agreeing to be tried on stipulated facts. In particular, petitioner asserts that he did not understand (1) that he was waiving his right to a jury trial, (2) the maximum possible sentence, and (3) that a conviction could result in his deportation. We affirm.

To obtain post-conviction relief based on inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution petitioner must demonstrate that trial counsel failed to exercise reasonable professional skill and judgment and that he suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Similarly, under the United States Constitution, petitioner must prove that trial counsel's performance "fell below an objective standard of reasonableness * * * under prevailing professional norms" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 688, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984). To demonstrate prejudice, petitioner must show that counsel's acts or omissions had a tendency to affect the result of the prosecution. *Stevens v. State of Oregon*, 322 Or 101, 110, 902 P2d 1137 (1995).

The post-conviction court found that "[p]etitioner's agreement to a stipulated facts trial was knowing, voluntary, and intelligent. Petitioner understood the jury trial rights he was giving up, the severity of the possible sentences, and that he could be deported." In particular, the post-conviction court found:

"8.  Petitioner knew that he could receive consecutive sentences on all 27 counts, if the trial court so chose to impose such a sentence, and [petitioner's trial counsel] informed petitioner of this possibility.

"9. Petitioner knew that his convictions could result in his deportation. Petitioner was advised of this risk when he entered pleas in Multnomah County in 2002 and [petitioner's trial counsel] explained to petitioner that any convictions in Washington County could affect petitioner's immigration status."

Petitioner has not assigned error to those findings, and because they are supported by evidence in the record, we are bound by them. *Chew v. State of Oregon*, 121 Or App 474, 476, 855 P2d 1120, *rev den*, 318 Or 24 (1993). Petitioner nonetheless challenges the post-conviction court's legal conclusion that he failed to prove his claim, arguing that his stipulation was the "functional equivalent of a guilty plea" and, thus, that the adequacy of his counsel's assistance should have been analyzed under the standards applicable to guilty pleas. We review that conclusion for error of law. *Id.*

In *Lyons v. Pearce*, 298 Or 569, 572, 694 P2d 978 (1985), the petitioner alleged that his trial counsel was inadequate because his counsel had failed to advise him that he could be deported if he agreed to a stipulated facts trial and was convicted. The Supreme Court disagreed:

"First, a stipulated facts trial, while having much the same characteristics as a guilty plea, has no statutory requirements that must be met such as those applicable to a guilty plea, specifically ORS 135.385 and ORS 135.425. * * *

"* * * * *

"In spite of similarities to a guilty plea, the trial court, nonetheless, remains the trier of fact and is free to evaluate the evidence presented in the stipulated facts and determine guilt or innocence. This distinction is significant and is reflected in the fact that the statutes do not provide the additional protections for a defendant entering into a stipulated facts agreement."

Thus, as we recognized in *Bickford v. Bachik*, 120 Or App 315, 317, 852 P2d 878 (1993), "[n]otwithstanding the stipulation * * * the trial court retains the obligation to determinate guilt or innocence" and, thus, "the relevant inquiry in this case is * * * whether [counsel] adequately assisted petitioner in making an informed choice about the stipulated facts trial." *Id.* at 318.

In light of the foregoing authorities and the post-conviction court's unchallenged findings, we conclude that petitioner's trial counsel provided him with adequate assistance in advising him whether to proceed to trial on stipulated facts and that petitioner's decision to do so was an informed one. Consequently, we affirm.

Affirmed.