Argued and submitted May 26, 2011, reversed and remanded October 10, 2012

JAYSON NORRIS KOCH,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV08120047; A144309

288 P3d 582

Rankin Johnson IV argued the cause and filed the brief for appellant.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. With her on the brief were John Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Petitioner appeals the post-conviction court's denial of relief from his convictions for driving under the influence of intoxicants (DUII), ORS 813.010; criminal mischief in the second degree, ORS 164.354; and assault in the fourth degree, ORS 163.160. He argues that he was denied adequate assistance of trial counsel under Article I, section 11, of the Oregon Constitution.[1] We conclude that trial counsel's advice to petitioner was deficient, and we reverse and remand to the post-conviction court for a necessary factual determination regarding whether petitioner was prejudiced by the error.

We summarize the facts from the post-conviction court's findings and the record. In 2007, while intoxicated, petitioner caused an automobile accident that involved the victim and damaged her automobile. As a result, he was charged with DUII, criminal mischief in the second degree, and assault in the fourth degree.

Through counsel, petitioner petitioned for diversion on the DUII charge. ORS 813.210. The state opposed diversion, contending, among other things, that petitioner was not eligible for diversion under ORS 813.215(1)(f), which provides, in part, that a person is not eligible for diversion if, at the time the person files the petition for diversion, the person has a pending charge for a vehicular assault.[2] The

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]"

Petitioner also asserts that he was denied effective assistance of counsel under the Sixth Amendment to the United States Constitution. On appeal, as before the post-conviction court, petitioner's only explanation of that argument is the statement that "[t]he federal constitution ensures that petitioners are entitled to effective assistance of counsel. *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981); *Strickland v. Washington*, 466 US 668, 688, 104 S Ct 2052, 80 L Ed 2d 674 (1984)." Because we do not "make or develop a party's argument when that party has not endeavored to do so itself," we do not address that argument. *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to on recons*, 187 Or App 472, 68 P3d 259 (2003).

[2] ORS 813.215(1), which lists the requirements for eligibility for diversion, provides, in paragraph (f), that the defendant must have

"no charge of an offense of aggravated vehicular homicide or of murder, manslaughter, criminally negligent homicide or assault that resulted from the operation of a motor vehicle pending in this state or in another jurisdiction on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement."

trial court agreed with the state. However, the court stated that it would reconsider its decision regarding diversion if the assault charge were dismissed or if petitioner were acquitted of assault.

Accordingly, petitioner's trial counsel contacted the victim and attempted to negotiate a civil compromise. ORS 135.705. However, the victim indicated that she was opposed to such a compromise. Next, counsel moved to sever the assault trial from the DUII trial in the hope of obtaining an acquittal on the assault charge so that he could seek diversion again. The trial court denied that motion.

Trial counsel believed that the trial court's denial of petitioner's petition for diversion was unconstitutional. He believed that, although the denial on the basis of a pending vehicular assault charge was in accord with ORS 813.215(1)(f), the statute was unconstitutional because it barred diversion on the basis of a mere *charge* of assault, rather than on any adjudicated guilt or substantial evidence. Trial counsel believed that that was an "appealable issue," and he discussed the merits of such an appeal with petitioner.

Trial counsel advised petitioner that "in order to procedurally preserve an issue for appeal he could not plead guilty." *See* ORS 138.050(3) (limiting the scope of appellate review in a case where a defendant pleads guilty to consideration of whether the disposition exceeds the legal maximum or is unconstitutionally cruel and unusual). Instead, he informed petitioner "that [a stipulated-facts trial] would preserve his issues for appeal." He advised petitioner of what he understood to be "the benefit and detriment of a stipulated-facts trial," and petitioner chose to proceed with a stipulated-facts trial.

At trial, the district attorney recited the following facts regarding the victim's injuries:

> "At the scene, the victim left the scene without any medical attention or there were no serious injuries or visible injuries that they noted at the time. However, several days later, the victim had back pain, neck pain, and headaches. And she had difficulty moving her neck and turning and the headaches persisted for a period of time. She went to

see her primary care physician and they decided she should have chiropractic care. She began having chiropractic care three times per week, it caused her to miss work on several occasions and she had to take longer lunches in order to make her appointments. She was going regularly and through this whole time the neck pain was persisting. As I said, she had headaches for a period of time. She went regularly for one to two months and then she went down to two times per week, and now she is at every other week at this point, six to seven months later.

"Additionally * * * when Officer Ennis did the second report he asked her to rate her pain on a scale of one to ten. She said it was a seven at the beginning and had moved down to about a three at the point that he had re-interviewed her. She sits at her desk all day at work and was having trouble sitting all day and turning to speak to people."

After the district attorney recited the facts, the trial court allowed petitioner to discuss them with trial counsel. Counsel did not add or contest any facts regarding the victim's injuries and made no motion for a judgment of acquittal or argument regarding the timing or severity of the victim's injuries. Then the trial court engaged petitioner in a colloquy to ensure that he understood the rights that he was waiving by proceeding with the stipulated-facts trial. The trial court told petitioner:

"You understand that once the court accepts these stipulations, the facts, as I've heard them, are sufficient to find * * * you guilty. So, the upshot of this is you are going to be found guilty if you give up your right to have a trial where all the witnesses are called and you either testify or not and your attorney cross-examines witnesses and confronts the evidence. If you give up all of those rights, and agree with these facts, ultimately, the court is going to find you guilty of these charges. Do you understand that?"

Petitioner stated that he understood, and the trial court found him guilty on all three counts. Petitioner did not appeal the resulting judgment.

Then petitioner sought post-conviction relief, alleging, *inter alia,* that counsel had performed inadequately by advising petitioner to waive his right to a full trial.

Petitioner argued that trial counsel's advice—that he should agree to a stipulated-facts trial in order to preserve his issue for appeal—was incorrect. He contended that, rather than preserving petitioner's issue for appeal, petitioner's agreement to the stipulated-facts trial made it impossible for petitioner to successfully appeal the trial court's denial of his motion for diversion.

Petitioner's argument rested on the fact that a defendant is not eligible for diversion if "[t]he present [DUII] offense [involved] an accident resulting in * * * [p]hysical injury as defined in ORS 161.015 to any person other than the defendant." ORS 813.215(1)(j)(B). The facts to which trial counsel advised petitioner to stipulate included uncontroverted evidence that the victim was physically injured as a result of the accident. Thus, the stipulation made petitioner ineligible for diversion on a ground independent of the one on which the trial court had relied. That is, the trial court denied diversion under ORS 813.215(1)(f) because, at the time of his petition for diversion, petitioner had a pending assault charge. After the stipulation, petitioner was ineligible for diversion under ORS 813.215(1)(j)(B) because he had stipulated that the DUII accident resulted in physical injury. Thus, on appeal, review of any contention that ORS 813.215(1)(f) was unconstitutional was effectively precluded because, following the stipulated-facts trial, an alternative basis for denying diversion existed. In sum, petitioner contended that trial counsel's advice was constitutionally inadequate because, as his counsel explained before the post-conviction court, "the purpose [of entering into the stipulated-facts trial] was to preserve the issue for appeal, and that didn't work."

The post-conviction court denied relief. Quoting an affidavit by petitioner's trial counsel, the court concluded that "[t]rial counsel adequately advised * * * petitioner of his right to a jury trial, to confront and cross-examine witnesses, to due process, to the State's burden of proof, and to 'the benefit and detriment of a stipulated-facts trial.'" (Internal quotation marks added.) As a result, "[p]etitioner was not denied effective assistance of counsel by being advised to enter into a stipulated-facts trial." It also concluded that,

"[e]ven assuming, *arguendo*, that trial counsel committed error, [p]etitioner has failed to prove that the outcome of the trial would have been different or that there is a tendency that the proceedings would have been affected."

Petitioner appeals, renewing the argument he made before the post-conviction court. The Oregon Constitution requires "adequate performance by counsel of those functions of professional assistance which an accused person relies upon counsel to perform on his behalf." *Stevens v. State of Oregon*, 322 Or 101, 108, 902 P2d 1137 (1995) (quoting *Krummacher v. Gierloff*, 290 Or 867, 872, 627 P2d 458 (1981)). To obtain post-conviction relief on a claim of inadequate assistance of counsel, a petitioner must prove by a preponderance of the evidence that "'trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result.'" *Id.* (quoting *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991)). In the context of a stipulated-facts trial, the relevant inquiry regarding counsel's exercise of professional skill and judgment is whether counsel "'adequately assisted [the] petitioner in making an informed choice about the stipulated facts trial.'" *Tatarinov v. Belleque*, 238 Or App 614, 617, 243 P3d 494 (2010), *rev den*, 349 Or 655 (2011) (quoting *Bickford v. Bachik*, 120 Or App 315, 317, 852 P2d 878 (1993)).

We are bound by the post-conviction court's factual findings if they are supported by evidence in the record, and we review its legal conclusions for errors of law. *Horn v. Hill*, 180 Or App 139, 141, 41 P3d 1127 (2002). The post-conviction court's conclusion that "[t]rial counsel adequately advised * * * petitioner * * * [of] the benefit and detriment of a stipulated-facts trial," presumes, as a factual matter, that counsel's advice to petitioner regarding the benefit and detriment of the stipulated-facts trial was substantially correct. That finding is not supported by evidence in the record. Counsel believed that he had apprised petitioner of the benefit and detriment of the stipulated-facts trial. However, counsel's reckoning of the benefit included preservation of petitioner's issue for appeal, when, in fact,

petitioner's stipulation ensured that this court would not reach the merits of petitioner's issue on appeal.

If petitioner had appealed the trial court's judgment, he would have assigned error to the trial court's denial of diversion, arguing that it is unconstitutional to deny diversion on the basis that an assault charge is pending. However, even if the trial court had erred in denying diversion for the reason it did, petitioner nevertheless would not have been eligible for diversion because the facts to which he stipulated included uncontroverted evidence that the victim had been injured. Thus, on appeal, this court would have affirmed, because an alternative basis for affirming the court's denial of diversion existed following the stipulated-facts trial. *Cf. State v. Radford*, 223 Or App 406, 408, 411, 196 P3d 23 (2008), *rev den*, 346 Or 362 (2009) (affirming the defendant's conviction despite a violation of the defendant's right to cross-examine the preparers of laboratory reports because "[the] defendant was convicted after stipulating to facts, including the facts that the reports contained").

Consequently, counsel's advice regarding the benefit and detriment of the stipulated-facts trial was incorrect. That incorrect advice constituted deficient performance because counsel failed to "adequately [assist] petitioner in making an informed choice about the stipulated-facts trial." *Tatarinov*, 238 Or App at 617 (internal quotation marks omitted).

*Long v. State of Oregon*, 130 Or App 198, 880 P2d 509 (1994), is illustrative. In that case, the state had offered the petitioner an agreement under which he would be tried on stipulated facts on one charge and another charge would be dropped. Before entering into the agreement, the petitioner asked his trial counsel to make sure that the charge on which he would stipulate was capable of being expunged. Trial counsel concluded, incorrectly, that the conviction could be expunged, and the petitioner entered into the agreement and was convicted. After the petitioner discovered that the conviction could not be expunged, he sought post-conviction relief. We concluded that trial counsel's performance was

deficient, distinguishing the situation from one in which trial counsel merely fails to explain all of the penal consequences of a conviction:

"[The petitioner] alleges, and his trial counsel admits, affirmative, albeit negligent, misrepresentation.

"There is a qualitative distinction between passive nondisclosure and active misrepresentation. Defense counsel was under no obligation to tell [the] petitioner that his conviction could not be expunged. However, having undertaken to provide advice on expungeability in response to his client's expressed concerns, counsel was obliged to do so accurately and completely."

*Id.* at 202-03.

The current situation is similar to that in *Long.* Once petitioner's trial counsel had discussed the merits of an appeal with petitioner and petitioner had indicated that he would like to preserve and pursue the appeal, trial counsel was obliged to advise petitioner accurately regarding the necessary procedure. Counsel correctly advised petitioner that he could not plead guilty if he wanted to appeal successfully; however, he was also obliged to advise petitioner that petitioner had to contest the evidence of the victim's injury in order to preserve any chance of a successful appeal. Trial counsel performed deficiently by erroneously advising petitioner that the stipulated-facts trial would preserve his issue for appeal.

In order to obtain post-conviction relief, petitioner also had to show that he was prejudiced by trial counsel's deficient advice. *Stevens*, 322 Or at 108. Petitioner and the state both contend, and we agree, that the appropriate inquiry regarding prejudice in this case is whether petitioner has proved that, but for counsel's advice, he would not have agreed to a stipulated-facts trial. *See Castro v. Maass*, 139 Or App 69, 74, 910 P2d 1156 (1996) (remanding where trial counsel had advised the petitioner erroneously and the petitioner had entered into a stipulated-facts trial, because the post-conviction court "did not determine whether petitioner would have entered into the agreement he did were it not for counsel's advice"); *Long*, 130 Or App at 203 (characterizing the petitioner's agreement to a stipulated-facts trial as a plea

agreement and explaining that the appropriate prejudice inquiry was whether the petitioner "would not have entered into the plea agreement" but for counsel's erroneous advice); *see also Rodriguez-Moreno v. State of Oregon*, 208 Or App 659, 663, 145 P35 256 (2006), *rev den*, 343 Or 159 (2007) (explaining that the petitioner's burden on the prejudice prong of a post-conviction proceeding after a guilty plea is to show that, but for trial counsel's deficient performance, the petitioner "would not have pleaded guilty and would have insisted on going to trial").

As noted above, the post-conviction court concluded, "[p]etitioner has failed to prove that the outcome of the trial would have been different or that there is a tendency that the proceedings would have been affected." Thus, the post-conviction court improperly framed the prejudice inquiry and, for that reason, did not address whether counsel's advice caused petitioner to agree to the stipulated-facts trial. Accordingly, we remand this case to the post-conviction court for a determination of that issue.[3] *See Castro*, 139 Or App at 74 (remanding under similar circumstances); *Long*, 130 Or App at 203 (same).

Reversed and remanded.

---

[3] We note that, although petitioner did not testify that he would not have agreed to a stipulated-facts trial in the absence of trial counsel's advice, there is evidence in the record from which the post-conviction court could make that determination. Trial counsel's affidavit and the recording of the stipulated-facts trial suggest—and, indeed, the trial court expressly stated—that petitioner's goal in agreeing to the stipulated-facts trial was to appeal the denial of diversion. In light of that goal, the post-conviction court could infer that petitioner would not have agreed to a stipulated-facts trial had he known that it would preclude a successful appeal of the denial of diversion.