Argued and submitted May 31, 2012, affirmed February 13, petition for review denied July 3, 2013 (353 Or 787)

ROBERT JEROME BYERS,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
07C12086; A146672

296 P3d 659

Jason E. Thompson argued the cause for appellant. With him on the briefs was James N. Varner and Ferder Casebeer French & Thompson, LLP.

David B. Thompson, Senior Assistant Attorney General, argued the cause for respondent. With him on the briefs were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Nakamoto, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief. He contends, among other things, that he did not receive in the criminal case that is the subject of this post-conviction proceeding the legal representation to which he was entitled under Article I, section 11, of the Oregon Constitution.[1] We write to address only petitioner's argument that his trial counsel provided constitutionally deficient representation to him in his criminal case by failing to tell him that the trial court could impose consecutive sentences based on petitioner's stipulation to certain facts at trial. We reject all of petitioner's other arguments without discussion and affirm the judgment.

We summarize the facts from the post-conviction court's findings and from the record.[2] Petitioner was charged with one count of first-degree burglary, ORS 164.225; three counts of first-degree rape, ORS 163.375; six counts of first-degree sodomy, ORS 163.405; one count of first-degree unlawful sexual penetration, ORS 163.411; and one count of second-degree assault, ORS 163.175; based on an incident in which petitioner broke into the victim's house and repeatedly sexually assaulted her.

On the day that petitioner's criminal trial was scheduled to begin, petitioner's trial counsel advised him that it was unlikely that he would be acquitted of the charges against him if he proceeded to trial and told him that one of his options was to agree to a trial on stipulated facts. Counsel explained that, by agreeing to do that, petitioner would almost certainly be found guilty of the charged crimes. However, counsel advised petitioner that, if he stipulated to the facts, the court might impose a shorter sentence than it would if petitioner elected to proceed through a full trial.

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel[.]" Petitioner also asserts that he was denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner makes no reasoned argument under the federal constitution, and, consequently, we do not address his federal claim. *See Koch v. State of Oregon*, 252 Or App 657, 658 n 1, 288 P3d 582 (2012) (explaining that we do not develop a party's argument if the party has not endeavored to do so).

[2] We are bound by the post-conviction court's findings if they are supported by the record. *Derschon v. Belleque*, 252 Or App 465, 466, 287 P3d 1189 (2012).

Nonetheless, counsel told petitioner that he would likely receive a long prison sentence and explained to him that his sentences for each of the charged crimes could be imposed consecutively.

When petitioner appeared before the trial court, the court explained to petitioner that, if petitioner agreed to a trial on stipulated facts, the prosecutor would recite the facts and petitioner could choose to try the case on them without presenting any evidence to the contrary and without confronting the witnesses for the state. Petitioner confirmed to the court that he understood that.

The prosecutor recited the facts underlying each of the twelve counts. He also stated that, except for the burglary count, the acts that provided the basis for each count were separate and distinct from the acts that provided the basis for each of the other counts. Petitioner agreed to try the case on the facts that the prosecutor recited, and the court found petitioner guilty of all counts.

After the stipulated-facts hearing, petitioner moved to withdraw his stipulation, but the court denied the motion, concluding that petitioner's agreement to try the case on stipulated facts had been knowing and voluntary because he had been informed about the nature of such a trial by his counsel and by the court. At the sentencing hearing, petitioner contended that the court should impose his sentences for each of the convictions concurrently because the crimes occurred during one continuous, uninterrupted criminal episode.

The court imposed the sentences for each conviction, excluding the burglary conviction, consecutively pursuant to ORS 137.123(5),[3] and thereby imposed a total sentence of 1,070 months. It concluded that the acts that provided

---

[3] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

the basis for each of petitioner's convictions indicated his willingness to commit more than one criminal offense and that they were not incidental violations of separate statutory provisions.

Petitioner petitioned for post-conviction relief, contending that he had received inadequate assistance of counsel because, among other things, his counsel had failed to tell him that the trial court could sentence him consecutively based on the facts to which he had stipulated. In his deposition, petitioner's trial counsel explained that he had advised petitioner to proceed with a stipulated-facts trial based on the prospect that the trial court would impose a more lenient sentence as a result of petitioner's decision not to dispute the facts underlying the charges. He stated that he had told petitioner that he could be sentenced consecutively but admitted that he had not calculated the maximum sentence that petitioner faced. When asked if he had told petitioner that he was stipulating to facts on which the trial court could rely in imposing consecutive sentences under ORS 137.123, counsel said that it was unlikely that he had explained that to petitioner; rather, his advice had consisted of a general explanation that the court could impose consecutive sentences.

Petitioner contended that he had received inadequate legal assistance because his trial counsel had not told him that he was stipulating to facts on which the court could rely in imposing consecutive sentences. Specifically, he contended that he had not been told that, by stipulating that each count except the burglary count had arisen from acts that were separate and distinct from the acts of the other counts, the court could sentence him consecutively under ORS 137.123(2).[4]

---

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

[4] ORS 137.123(2) provides:

"If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may

The post-conviction court denied petitioner relief, concluding that petitioner's agreement to a stipulated-facts trial had been knowing, intelligent, and voluntary because, among other things, petitioner's counsel had told him the maximum sentences that he could receive for each count and that his sentences could be imposed consecutively. The court also concluded that petitioner was not a credible witness and that he had failed to sustain his burden of proof.

Petitioner appeals, contending that the post-conviction court erred in denying his petition for post-conviction relief. To obtain post-conviction relief on the ground of inadequate assistance of counsel, petitioner must prove by a preponderance of the evidence that his counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *See* ORS 138.620(2); *Koch v. State of Oregon*, 252 Or App 657, 662, 288 P3d 582 (2012). We assume, without deciding, that petitioner is correct that his counsel failed to exercise reasonable professional skill and judgment by failing to tell him that he was stipulating to facts on which the sentencing court could rely in imposing consecutive sentences under ORS 137.123(2).

We conclude, however, that petitioner's post-conviction claim founders for at least two reasons. First, because the trial court imposed consecutive sentences in the criminal case under subsection (5) rather than subsection (2) of ORS 137.123, the stipulated facts about which petitioner complains—*viz.*, that, except for the burglary count, the acts of each count were separate and distinct from the acts of the other counts—did *not* provide the factual basis for the trial court's imposition of consecutive sentences. The stipulated facts about which petitioner complains *might* have provided a basis for the trial court to impose consecutive sentences under subsection (2) of ORS 137.123, which permits a court to impose consecutive sentences "for criminal offenses that do *not* arise from the same continuous and uninterrupted course of conduct." (Emphasis added.) However, because the court imposed consecutive sentences under subsection (5) of the statute, which applies to offenses that *do* arise "out of a

impose a sentence concurrent with or consecutive to the other sentence or sentences."

continuous and uninterrupted course of conduct," the court did *not* rely on the stipulated facts about which petitioner complains to impose the consecutive sentences that it did.

Second, to prevail on his post-conviction claim, petitioner had to prove that, had counsel properly advised him, he would not have agreed to be tried on the facts to which he had stipulated in his criminal case. *See Koch*, 252 Or App at 664 ("[T]he appropriate inquiry regarding prejudice in this case is whether petitioner has proved that, but for counsel's advice, he would not have agreed to a stipulated-facts trial.").

Petitioner testified in his post-conviction case that he would not have agreed to try the criminal case on the stipulated facts that he did had he been told the full import of his decision. In rejecting petitioner's post-conviction claims, the post-conviction court specifically found petitioner not to be a credible witness. Because petitioner's claims depended on the court finding, consistently with petitioner's testimony, that petitioner would not have agreed to a stipulated-facts trial had he been properly informed of the import of his agreement, the court did not err in concluding that petitioner failed to sustain his burden of proof on his claims.

Affirmed.