782 February 12, 2025 No. 96

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

THOMAS MARSHALL BENNETT,
*Petitioner-Appellant,*

*v.*

Delores MATTEUCCI,
Superintendent,
Oregon State Hospital,
*Defendant-Respondent.*

Lane County Circuit Court
21CV46603; A181688

Amit K. Kapoor, Judge.

Submitted January 14, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, in which he claimed that he received inadequate and ineffective assistance of counsel when trial counsel failed to inform him of all of the possible consequences of detention at the Oregon State Hospital (OSH), prior to agreeing to a stipulated facts trial. In a combined argument, raising two assignments of error, petitioner contends that the post-conviction court erred in denying him relief, because trial counsel's failure to provide complete information amounted to deficient performance, and, had petitioner been aware of that information, he would not have agreed to a stipulated facts trial. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

In petitioner's criminal case, he was indicted for two counts of first-degree kidnapping, ORS 163.235; two counts of coercion, ORS 163.275; two counts of menacing, ORS 163.190; one count of harassment, ORS166.065; and one count of stalking, ORS 163.732, all constituting domestic violence. Following two psychological evaluations and a mental health diagnosis, the parties negotiated a stipulation on which the trial court relied to conduct a stipulated facts trial, to find petitioner guilty except for insanity (GEI) of one count of second-degree kidnapping constituting domestic violence, and to sentence petitioner to a maximum of ten years in the custody of the Psychological Security Review Board (PSRB).

Petitioner then brought this action seeking post-conviction relief, claiming inadequate and ineffective assistance of counsel. The post-conviction court denied relief on petitioner's claims. Petitioner appealed, challenging the post-conviction court's judgment with respect to two of those claims, discussed below.

Because the parties address petitioner's assignments of error together, we do so as well. In both assignments, petitioner contends that trial counsel was inadequate and ineffective under the state constitution and the federal

constitution "in failing to adequately advise petitioner regarding the undisputed consequences of his GEI commitment to OSH[.]" To establish inadequate or ineffective assistance of counsel, a petitioner must prove both a performance element and a prejudice element, by a preponderance of the evidence. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions).

In this case, in petitioner's view, trial counsel's performance was deficient because trial counsel should have informed him (1) "that his criminal history, including a 2003 sexual offense, could be used by OSH and PSRB as a basis for assessment and treatment recommendations and requirements and to determine Petitioner's releasability from OSH custody[;]" and (2) "of the potential collateral consequences of OSH commitment and being placed under PSRB jurisdiction[,]" including that petitioner could be charged for certain boarding and treatment costs and that his driving privileges could be restricted if he were put on conditional release. Petitioner further contends that, had he been fully informed of those consequences, he "would not have agreed to stipulate to a GEI conviction[.]"[1]

Even assuming without deciding that trial counsel's performance was deficient, petitioner did not prove that, but for that deficiency, he would not have waived his right to a jury trial and agreed to a stipulated facts trial. We have explained "that the appropriate inquiry regarding prejudice in [cases such as this one] is whether [the] petitioner has proved that, but for counsel's advice, he would not have agreed to a stipulated-facts trial." *Koch v. State*, 252 Or App 657, 664, 288 P3d 582 (2012).

Here, petitioner asserted in his declaration and testified at trial that, had he been informed of the above-described consequences of being under PSRB jurisdiction, he

---

[1]  In one instance in his opening brief, petitioner argues that, had he known about the above-described possible consequences, "he would not have agreed to plead guilty." Having reviewed the record in the underlying criminal case, we understand petitioner to have agreed to a stipulated facts trial, and not to have pleaded guilty. Accordingly, we address petitioner's arguments as to the former issue, and not the latter.

would not have waived his right to a jury trial or agreed to a stipulated facts trial. But the post-conviction court found petitioner not to be credible and determined that "petitioner has not met his burden to prove that any of the actions taken, or not taken, by trial counsel resulted in prejudice to petitioner[.]"[2] "Because petitioner's claims depended on the court finding, consistently with petitioner's testimony, that petitioner would not have agreed to a stipulated-facts trial had he been properly informed \*\*\*, the court did not err in concluding that petitioner failed to sustain his burden of proof on his claims." *Byers v. Premo*, 255 Or App 208, 214, 296 P3d 659, *rev den*, 353 Or 787 (2013).

Thus, we conclude that the post-conviction court did not err in determining that any deficiency in trial counsel's performance did not cause prejudice to petitioner. Accordingly, we affirm the judgment denying post-conviction relief.

Affirmed.

---

[2] We further note that the record indicates that the charges in the initial indictment of petitioner exposed him to a far greater penalty (over 40 years in custody) than he received as a result of the stipulated facts trial (maximum of 10 years in PSRB custody).