Filed:  November 18, 2011

IN THE SUPREME COURT OF THE STATE OF OREGON


MARCO ANTONIO MONTEZ,

Petitioner on Review,

v.

STANLEY CZERNIAK,
Superintendent,
Oregon State Penitentiary,

Respondent on Review.


(CC 97C12376; CA A130258; SC S059138)


On petitioner on review's petition for reconsideration filed August 25, 2011; considered and under advisement on October 12, 2011.*

Marc Sussman, Portland, filed the petition for reconsideration for petitioner on review.

No appearance *contra*.

Before Durham, Balmer, and Walters, Justices, and Gillette, Senior Judge.**

DURHAM, J.

The petition for reconsideration is allowed.  The order dated July 28, 2011, denying review is withdrawn.  The amended petition for review is allowed.


*Review of order of Supreme Court denying review, dated July 28, 2011.

**De Muniz, C. J., and Kistler, Linder, and Landau, J.J., did not participate in the consideration or decision of this case.

DURHAM, J.

This case is before the court on a petition for reconsideration of a denial of a petition for review. Petitioner Montez sought review of a decision of the Court of Appeals that affirmed a trial court order denying post-conviction relief. *Montez v. Czerniak*, 237 Or App 276, 239 P3d 1023 (2010). The post-conviction court had rejected petitioner's claim that his counsel had provided inadequate assistance of counsel in several respects during Montez's 1992 penalty-phase retrial proceeding that resulted in a sentence of death. This court denied Montez's amended petition for review of the Court of Appeals decision on July 28, 2011. *Montez v. Czerniak*, 350 Or 571, ___ P3d ___ (2011). Justices Durham, Balmer, Walters, and Landau participated in that decision to deny review.

In his petition for reconsideration, petitioner contends that Justice Landau should not have participated in the court's decision to deny review. He points to several facts to support his argument. He indicates that Justice Landau was employed as an attorney by the Oregon Department of Justice (DOJ) when other attorneys employed by the DOJ represented the State of Oregon during Montez's direct appeals of his conviction and sentences of death. He also points out that Justice Landau, while serving on the Court of Appeals, recused himself from consideration of petitioner's appeal of the post-conviction judgment in this case.

The record in this case provides no explanation for then-Judge Landau's decision to recuse himself from considering petitioner's post-conviction appeal at the Court of Appeals. Moreover, the record contains no evidence demonstrating that Justice

1

Landau was required by applicable legal standards to recuse himself from consideration of that appeal during his service on the Court of Appeals or from consideration of the amended petition for review before this court. *See* ORS 14.210 (describing grounds for disqualification of judge); JR 2-106 (stating circumstances requiring judge to disqualify himself or herself in a proceeding); ORAP 8.30 (describing procedures applicable to judicial disqualification). In any event, Justice Landau has recused himself from further participation in this proceeding and, for the reasons explained below, we conclude that petitioner's arguments about Justice Landau's previous participation in the court's decision to deny review are now moot.

Following Justice Landau's recusal from this proceeding, the Chief Justice entered an order dated October 12, 2011, assigning Senior Judge W. Michael Gillette to participate in this case, including the disposition of petitioner's petition for reconsideration. After full consideration of the petition for reconsideration by this court as reconstituted, the court grants reconsideration and withdraws the order dated July 28, 2011, denying the amended petition for review in this case.

ORAP 9.20(1) provides:

> "A petition for review of a decision of the Court of Appeals shall be allowed if one less than a majority of the judges eligible to vote on the petition vote to allow it."

In this case, there are four "judges eligible to vote" on petitioner's amended petition for review, within the meaning of ORAP 9.20(1). Thus, under the rule, the amended petition for review shall be allowed only if at least two eligible judges vote affirmatively to allow review.

2

The court has fully considered the amended petition for review. At least two judges eligible to vote on the amended petition for review vote to allow review. Therefore, the amended petition for review is allowed.

The petition for reconsideration is allowed. The order dated July 28, 2011, denying review is withdrawn. The amended petition for review is allowed.