No. 251　　　　April 17, 2024　　　　129

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DEPRINCE ROMEY HALE,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
13C18774; A175646

Patricia A. Sullivan, Senior Judge.

Submitted July 12, 2023.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

DePrince Hale filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied his petition for post-conviction relief, which raised claims that his trial counsel provided inadequate and ineffective assistance of counsel. In his counseled brief, he raises six assignments of error. Petitioner also raises six assignments of error in a *pro se* supplemental brief. For the reasons below, we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that as a result, petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487 (2014).

We review the post-conviction court's decision for legal error. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). "A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them." *Id*.

A detailed recitation of the lengthy and complex factual record in this case is not necessary for this non-precedential memorandum opinion. In short, petitioner was charged, along with a codefendant, with murder, two counts of attempted aggravated murder, and conspiracy to commit murder based on a drive-by shooting that killed one person and injured two others. *State v. Hale*, 252 Or App 187, 189, 288 P3d 1 (2012), *rev den*, 353 Or 533 (2013). The crime went unsolved for four years until another participant in the conspiracy provided evidence in exchange for leniency in pending criminal charges. *State v. Klein*, 243 Or App 1, 3-4, 6, 258 P3d 528 (2011), *aff'd*, 352 Or 302, 283 P3d 350

(2012).[1] The primary evidence at petitioner's trial was in the form of witness statements—both from people with knowledge about the events leading up to the shooting that may have motivated petitioner to commit the crimes, as well as eyewitness accounts of what happened on the night in question. *Id.* at 6, 11. Petitioner denied any involvement in the shooting, put forth evidence to discredit the purported motive, and presented an alibi defense. After a multi-week jury trial, petitioner was convicted on all charges. *Hale*, 252 Or App at 189. "He was sentenced to life in prison with a mandatory minimum of 300 months in prison for the murder and, consecutively to that sentence, to two concurrent sentences of 121 months' imprisonment on the attempted aggravated murder convictions." *Id.* at 193. Thereafter, petitioner pursued post-conviction relief, challenging trial counsel's representation, and filed this appeal after he was unsuccessful in obtaining post-conviction relief. We address each of petitioner's assignments of error below.

*Prosecutorial misconduct.* Petitioner claims that counsel was inadequate and ineffective for failing to address prosecutorial misconduct in pretrial witness interviews. Petitioner argues that the prosecutor created "an overly suggestive identification procedure" during the pretrial interviews and points to the discrepancies between the witnesses' statements to police officers and their trial testimony about the vehicle involved in the shooting as evidence of that misconduct. Thus, petitioner argues that counsel should have moved to exclude the witness testimony about the vehicle. The post-conviction court made several findings of fact on those claims, including that petitioner's evidence was insufficient to prove that the prosecutor "'tainted' the witnesses during the pre-trial interviews." Based on those findings, we determine that the court did not commit legal error in rejecting petitioner's claims of ineffective assistance of counsel based on alleged prosecutorial misconduct in witness preparation.

*Less satisfactory evidence instruction.* Petitioner claims that counsel was inadequate and ineffective for not

---

[1] In *Hale*, 252 Or App at 190, we considered petitioner's direct appeal and repeated, for the purposes of background, "[t]he facts surrounding the shooting" from our opinion that resolved codefendant's direct appeal. We do so again here.

requesting a less satisfactory evidence jury instruction regarding recordings of 9-1-1 calls. In relevant part, the less satisfactory evidence instruction is only available when "the record indicates that the state possessed and failed to produce stronger evidence." *State v. McDonnell*, 313 Or 478, 499, 837 P2d 941 (1992). Moreover, it is the party seeking the less satisfactory evidence instruction that must demonstrate that the evidence was "reasonably available." *Id*. Here, the record demonstrates that the 9-1-1 calls, made in 2002, were *not* available at the time of the 2008 trial because there had been no request to preserve them. With that fact, we determine that the post-conviction court did not commit legal error in rejecting that claim.

*Concurrence instruction*. Petitioner claims that counsel was inadequate and ineffective for not requesting a jury concurrence instruction on whether petitioner acted as the principal or aided and abetted his codefendant. Although the prosecutor consistently advanced the theory that petitioner was the principal—the individual who had shot and killed one person and wounded others—and that codefendant was the aider and abettor, the jury verdict suggests that jurors may have been confused on that issue. Only eight jurors found that petitioner had used a firearm during the shooting. That finding is inconsistent with a guilty verdict based on the prosecution's theory. Nevertheless, the reasonableness of counsel's representation is not viewed in hindsight (after the jury verdict), but at the time counsel allegedly failed to act (requesting jury instructions). *See Lotches v. Premo*, 257 Or App 513, 516, 306 P3d 768, *rev den*, 354 Or 597 (2013) ("It is the task of the post-conviction court to reconstruct trial counsel's challenged conduct in light of the circumstances presented at the time of the alleged error with an eye toward elimination of the distorting effects of hindsight."). Given the prosecution's consistent theory of the case, as well as the state of law at the time which did not require a concurrence instruction in that situation, we determine that the post-conviction court did not commit legal error in rejecting that claim.[2]

---

[2] Despite appealing the denial of his ninth and tenth claims for relief, which both related to the inconsistent jury verdicts, petitioner does not present any independent argument as to why the post-conviction court committed legal error

*Cumulative error.* Petitioner claims that the cumulative effect of counsel's inadequate and ineffective representation entitles him to post-conviction relief. The post-conviction court rejected that claim because "[c]umulative error is not recognized as a claim for Post-Conviction Relief in Oregon, and in any event, based on the finding above, Petitioner has not shown a factual basis for this claim." Considering the post-conviction court's findings in light of the governing law, we determine that the post-conviction court did not commit legal error in rejecting that claim. *See, e.g.*, *Lotches*, 257 Or App at 516.

*Pro se assignments of error.* In his *pro se* supplemental brief, petitioner raises six assignments of error. Petitioner's arguments that the post-conviction court's ruling was contrary to and an "unreasonable application of clearly established federal law," or that the decision was based on an "unreasonable determination of the facts," are not a basis for us to reverse the post-conviction court's decisions. Those arguments are most appropriate in a federal habeas corpus proceeding under 28 USC section 2254, should petitioner choose to file a petition for habeas corpus relief. To the extent that we understand petitioner to make federal constitutional arguments in support of his claims for relief, we have considered the claims under both the state and federal constitutions.

In his first *pro se* assignment of error, petitioner argues that trial counsel was inadequate and ineffective when counsel failed to move to suppress body wire evidence as having been obtained in violation of ORS 133.724. Because counsel did not make that statutory argument to the trial court, we concluded that the issue was unpreserved and declined to address it as plain error in petitioner's direct appeal. *Hale*, 252 Or App at 193 n 3. The post-conviction court found that any objection "based on ORS 133.724 would not have been successful" and that the "procedure used to extend the body wire time period was legally sufficient." Given the post-conviction court's findings

---

when it denied those claims. Instead, he interweaves some of those claims into his overall argument on prejudice. Based on the arguments that petitioner has put before us here, we conclude on the merits that the post-conviction court did not err in dismissing the ninth and tenth claims for relief.

and legal conclusions on the merits of a suppression motion, we determine that the post-conviction court did not commit legal error in rejecting that claim.

In his second through fifth *pro se* assignments of error, petitioner provides further argument on his claims of ineffective assistance of counsel predicated on prosecutorial misconduct. He also makes arguments on the claims that he presented in his post-conviction petition, but that counsel did not raise in the opening brief. We have considered petitioner's *pro se* arguments and conclude that they do not provide a basis to determine that the post-conviction court erred when it determined that counsel was neither inadequate or ineffective in relation to alleged prosecutorial misconduct in witness preparation and testimony.

In his sixth *pro se* assignment of error, petitioner provides further argument on his claim for relief based on cumulative error. Petitioner is correct that federal courts have recognized the doctrine of cumulative error. *E.g.*, *Parle v. Runnels*, 505 F3d 922, 928 (9th Cir 2007). However, cumulative error is not an independent ground for relief in an Oregon post-conviction proceeding. *Monica v. Myers*, 319 Or App 376, 386, 510 P3d 238, *rev den*, 370 Or 212 (2022). Under the governing law, the post-conviction court did not commit legal error in denying petitioner's claim for relief based on cumulative error.

Affirmed.